IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RITA WOOD**                                                                 **PETITIONER**

v.                                                  **CIVIL ACTION NO.: 1:13cv178-GHD-DAS**

**LOWNDES COUNTY and ATTORNEY GENERAL**
**OF THE STATE OF MISSISSIPPI**                                   **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Rita Wood, a Mississippi inmate housed at the Washington County Regional Correctional Facility, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244. Petitioner has failed to respond. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

On May 13, 2010, Petitioner pleaded guilty to one count of possession of precursor chemicals with intent to manufacture methamphetamine (Count I) and one count of sale of methamphetamine (Count II) in the Circuit Court of Lowndes County, Mississippi. She was sentenced to serve twelve years for each count in the custody of the Mississippi Department of Corrections. (*See* Respt's Mot., Ex. A). Petitioner did not file a motion for post-conviction relief. The instant motion for federal habeas relief was received by the Court on September 23, 2013. (*See* doc. no. 1).

On November 27, 2013, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d) and otherwise procedurally defaulted.

To date, Petitioner has not responded to the motion.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

Under Mississippi law, there is no direct appeal from any guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Therefore, Petitioner's conviction became final on May 13, 2010, when she was sentenced.[1] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"). Absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before May 13, 2011, to be deemed timely.

Petitioner's federal habeas petition was "filed" sometime between the date it was signed on September 18, 2013, and the date it was stamped "filed" by this Court on September 23, 2013. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Because Petitioner did not file for post-conviction relief in State court, the statutory provision toling Petitioner's application during the pendency of State court proceedings is inapplicable. As her federal habeas petition was filed well beyond the AEDPA deadline, federal habeas relief is available to Petitioner only if she can demonstrate that her case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder*, 204 F.3d at 170-71.

The Court notes that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting h[er] rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations

---

[1] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

3

omitted). In this case, there is no reason to conclude that either circumstance is applicable to Petitioner's delay. Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.

However, the Court finds that Petitioner would not be entitled to federal habeas relief even if she had timely filed her petition, as she has failed to exhaust her State court remedies. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (finding petitioner must present claims to the state's highest court in a procedurally proper manner in order to satisfy the exhaustion requirement). Petitioner cannot now exhaust her claims in State court, as she failed to timely seek post-conviction collateral review. *See* Miss. Code Ann. § 99-39-5 and § 99-39-7 (allowing petitioner to file for post-conviction relief in the trial court within three years of the entry of judgment of conviction and appeal adverse decision to the Mississippi Supreme Court). Because there is no avenue available to Petitioner to pursue her claims in State court, her claims are "technically exhausted" and procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Accordingly, the Court cannot reach the merits of Petitioner's claims unless she demonstrates either cause and prejudice for the default, or that a fundamental miscarriage of justice would result from the Court's failure to review the claims. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner does not argue the applicability of either exception, and the Court finds that neither exception is warranted. Petitioner's claims are procedurally defaulted.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the

petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's federal habeas petition is rejected on procedural grounds, Petitioner may not obtain a COA unless she demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. no. 7) and **DISMISSES WITH PREJUDICE** the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be **DENIED**, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). All pending motion are **DISMISSED AS MOOT**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 7 day of January, 2014.

**SENIOR U.S. DISTRICT JUDGE**